The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the addition of Finding of Fact Number 13 and the modification of the Conclusion of Law.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Pre-Trial Agreement filed on August 5, 1994, and at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties at all relevant times.
2. The plaintiff's average weekly wage was $461.54, which yields a compensation rate of $307.70.
3. The defendant was a duly qualified self-insured with Key Risk Management Services as the servicing agent.
4. The parties stipulated the following exhibits into evidence:
 a. Stipulated Exhibit 1 — 6 pages of records of Dr. Guillermo F. Arana;
 b. Stipulated Exhibit 2 — 6 pages of records of Dr. Samuel St. Clair;
 c. Stipulated Exhibit 3 — 8 pages of physical therapy records;
 d. Stipulated Exhibit 4 — 20 page recorded statement of plaintiff; and
 e. Stipulated Exhibit 5 — 5 page claimant's response to defendants' interrogatories.
5. The parties supplemented the stipulated medical reports with seven additional pages of records.
6. The issues for determination are:
 a. Whether plaintiff sustained a compensable injury by accident on or about September 2, 1993?
 b. Whether plaintiff reported her alleged injury in a timely manner, as required by N.C. Gen. Stat. § 97-22? and
 c. If plaintiff sustained a compensable injury and reported the same in a timely manner, to what benefits is she entitled?
7. Following the initial hearing the depositions of Dr. Samuel St. Clair and Dr. G. F. Arana were received into the evidentiary record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On September 2, 1993 in the afternoon, the plaintiff was walking across a damp kitchen floor en route to the office area when she slipped but managed to catch herself by grasping a railing. The plaintiff did not experience any back pain.
3. The plaintiff continued to work her shift on September 2, 1993 and did not report the incident in the kitchen. She left work at approximately 7:30 P.M.
4. The plaintiff worked on September 3, 1993 and did not report the incident nor did she complain of any back pain.
5. On September 4, 1993, which was a Saturday, the plaintiff took a shower, and when she bent over to towel off she was unable to raise up.
6. The plaintiff reported to work on September 4, 1993, but was unable to work due to back pain. The plaintiff told Sara Foster that she was having back pain and Ms. Foster sent her home. The plaintiff did not relate the pain to any work-related incident and did not mention the slipping incident on September 2, 1993.
7. The plaintiff went to Dr. G. F. Arana, a family practitioner, on September 7, 1993, which was the Tuesday after the Labor Day holiday. The plaintiff related a history to Dr. Arana of back pain in the lumbosacral spine for five days with no reason except jumping stairs. Dr. Arana diagnosed plaintiff as having a lumbosacral strain.
8. On September 10, 1993 the plaintiff was referred to Dr. Samuel St. Clair, a neurosurgeon, due to complaints of pain, at which time plaintiff complained of lumbar pain and bilateral leg pain. The plaintiff related a history to Dr. St. Clair that she was not aware of a specific injury, other than she had slipped on a slick spot at work and had jerked her torso. Dr. St. Clair recommended bed rest and working half days for two weeks.
9. Dr. St. Clair has opined that assuming plaintiff worked the rest of her shift on September 2, 1993 and the entire shift on September 3, 1993 after the slipping incident at work with no back pain, and that plaintiff did not experience back pain until September 4, 1993 when she bent over to towel off following her morning shower, that in his opinion the September 4, 1993 incident at home was the significant cause of plaintiff's back pain.
10. The plaintiff had a history of experiencing a back injury in high school while playing basketball. The plaintiff also injured her back in 1992 while employed by Bruegger's Bagel Bakery, which was treated by Dr. Arana and filed under workers' compensation by the plaintiff.
11. On December 31, 1993 Ms. Foster met with plaintiff and offered her an hourly job, which plaintiff refused. At that time plaintiff informed Ms. Foster that she was going to file a workers' compensation claim and she contended that her back problems were work-related.
12. The plaintiff moved to South Carolina to her parent's home in the fall of 1993. While there, she participated in physical therapy with therapist Tony Skorput. The plaintiff related a history of back pain for quite some time to Mr. Skorput, and she described the sports injury. However, the plaintiff did not mention any recent injuries to her back to Mr. Skorput. Specifically, the plaintiff did not relate any history of the September 2, 1993 slipping incident.
13. Plaintiff has failed to establish by the greater weight of the evidence that the condition for which she complains is work-related. This finding is based on several factors, some of which are the delay in the onset of her pain, her history of back problems, her knowledge of workers' compensation claim filing procedure from having recently filed a claim, and her reporting of other incidents which she attributed as the cause of her complaints.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The greater weight of the evidence establishes that plaintiff did not sustain an injury by accident arising out of and in the scope of her employment with defendant-employer on September 2, 1993 but rather suffers from a non-work related condition. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
AWARD
1. The plaintiff's claim is, and under the law must be DENIED.
2. Each side shall pay its own costs.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER